1 Robert J. Gunther, Jr. (NY SBN: 1967652)
robert.gunther@wilmerhale.com
2 Omar Khan (*pro hac vice*)
omar.khan@wilmerhale.com
3 WILMER CUTLER PICKERING HALE
AND DORR LLP
4 250 Greenwich Street
New York, NY 10007
5 Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888
6
Robert M. Galvin  (State Bar No. 171508)
7 robert.galvin@wilmerhale.com
WILMER CUTLER PICKERING HALE
8 AND DORR LLP
950 Page Mill  Road
9 Palo Alto, CA 94304
Telephone:  (650) 858-6000
10 Facsimile:  (650) 858-6100

11 (Additional  Counsel on Signature Page)

12 *Counsel for Roger Jinteh Arrigo Chen*

13                **UNITED STATES DISTRICT COURT**

14         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15

16 THE REGENTS OF THE UNIVERSITY OF     ) Case No. 3:16-CV-07396-EMC
   CALIFORNIA, a California  corporation,    )
17                                          )  **ROGER JINTEH ARRIGO**
                    Plaintiff,              )  **CHEN'S ANSWER TO**
18                                          )  **PLAINTIFF'S FIRST AMENDED**
            v.                              )  **COMPLAINT**
19                                          )
   ROGER JINTEH ARRIGO CHEN, an           )
20 individual;  GENIA TECHNOLOGIES, INC., a )  **DEMAND FOR JURY TRIAL**
   Delaware corporation;  and DOES 1-25,    )
21                                          )
                   Defendants.             )
22                                          )
                                           )
23                                          )
                                           )
24                                          )
                                           )
25                                          )
                                           )
26 ———————————————————————                 )

27

28

1

### ANSWER

2      Defendant Roger Jinteh Arrigo Chen ("Mr. Chen"), by and through the undersigned

3  counsel, answers Plaintiff's First Amended Complaint as follows:

4

### INTRODUCTION

5      1.      Paragraph 1 contains conclusions of law to which no response is required.  To the

6  extent a response is required, Mr. Chen denies he has acted unlawfully and further denies that he

7  violated his contractual obligations to UCSC.  Mr. Chen further denies that Genia Technologies,

8  Inc. ("Genia") was founded upon technology rightfully belonging to UCSC.  Mr. Chen admits that

9  Genia acquired by Roche Holdings AG ("Roche") in 2014.  Mr. Chen denies the remaining

10  allegations in Paragraph 1.

11      2.      Mr. Chen admits that he worked at UCSC from approximately October 2005 to

12  January 2008 during the period while he was a graduate student at UCSC.  The remaining

13  allegations of Paragraph 2 assert legal conclusions and purport to characterize a document that

14  speaks for itself, and thus no response is required.  To the extent a response is required, Mr. Chen

15  denies the remaining allegations in Paragraph 2.

16      3.      Paragraph 3 calls for conclusions of law to which no response is required.  To the

17  extent a response is required, as to the first sentence, Mr. Chen is without knowledge as to whether

18  individuals other than he have signed a Patent Agreement and admits that UCSC has filed patent

19  applications with the United States Patent and Trademark Office ("USPTO") purporting to identify

20  him as a co-inventor of those patents.  Mr. Chen denies the remaining allegations in Paragraph 3.

21      4.      Paragraph 4 calls for conclusions of law to which no response is required.  To the

22  extent a response is required, Mr. Chen admits that he co-founded Genia and that Genia describes

23  itself as a "nanopore based sequencing company."  Mr. Chen denies the remaining allegations in

24  Paragraph 4.

25      5.      Paragraph 5 calls for conclusions of law to which no response is required.  To the

26  extent a response is required, as to the first sentence, Mr. Chen denies that he violated the Patent

27  Agreement.  As to the second sentence, Mr. Chen admits that Genia holds a number of patents

28

naming Mr. Chen as an inventor, but denies that any are directed to technology derived from Mr. Chen's work at UCSC. Mr. Chen denies the remaining allegations in Paragraph 5.

6.  Paragraph 6 calls for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen admits that he has received compensation for his work at Genia. Mr. Chen denies the remaining allegations in Paragraph 6.

7.  Paragraph 7 calls for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen admits that Genia was acquired by Roche in 2014 for approximately $125 million. Mr. Chen denies the remaining allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.  Mr. Chen admits that this Court has jurisdiction over Plaintiff's claims arising under Title 35 of the United States Code. Mr. Chen admits that, to the extent not preempted by federal law, this Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

9.  Mr. Chen admits that venue is appropriate in this District.

## INTRADISTRICT ASSIGNMENT

10.  In light of the assignment of this case, and the ensuing proceedings before the Court, this allegation is moot.

## THE PARTIES

11.  Mr. Chen lacks knowledge and information and sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12.  Admitted.

13.  Admitted.

## FACTUAL BACKGROUND

I.  **The Patent Agreement.**

14.  Admitted.

15.  Mr. Chen admits the allegations in Paragraph 15, including that he fulfilled the requirements for receiving an M.S. degree by January 2008.

16.    Mr. Chen admits that, while at UCSC, he was employed in the laboratory of Mark A. Akeson and David W. Deamer. Mr. Chen further admits that he signed the Patent Agreement and denies the allegations characterizing his obligation to sign it. As to the remaining allegations in Paragraph 16, the Patent Agreement speaks for itself and thus no response is required.

17.    Paragraph 17 calls for conclusions of law to which no response is required. To the extent a response is required, the Patent Agreement speaks for itself.

18.    Upon information and belief, Mr. Chen admits that Exhibit A is a true and correct copy of the Patent Agreement as signed by Mr. Chen on September 15, 2005.

19.    Paragraph 19 calls for conclusions of law to which no response is required. To the extent a response is required, the Patent Agreement speaks for itself.

## II.    Scientific Inventions During Chen's Employment with the University.

20.    Mr. Chen admits that he conducted research at UCSC in the field of nanopore sequencing. Mr. Chen further admits that Paragraph 20 purports to characterize nanopore sequencing generally, but denies that such characterization is complete.

21.    Paragraph 21 calls for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen denies the allegations in Paragraph 21.

22.    Paragraph 22 calls for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen denies that the Record of Inventions memorialize the UCSC Inventions, as defined by the First Amended Complaint.

23.    The Record of Invention No. 1 speaks for itself and therefore no response is required.

24.    The Record of Invention No. 1 speaks for itself and therefore no response is required.

25.    The Record of Invention No. 1 speaks for itself and therefore no response is required.

26.    The Record of Invention No. 2 speaks for itself and therefore no response is required.

27. Mr. Chen admits that Akeson was a professor at UCSC while Mr. Chen was employed as a researcher at the University. Mr. Chen denies the remaining allegations in Paragraph 27.

28. The May 18, 2007 Invention Disclosure speaks for itself and therefore no response is required.

29. Mr. Chen admits admit that Deamer was a professor at UCSC while Mr. Chen was employed as a researcher at the University and further admits that Deamer was Mr. Chen's faculty advisor. Mr. Chen denies the remaining allegations in Paragraph 29.

30. Mr. Chen admits that Dunbar was an assistant professor at UCSC while Mr. Chen was employed at the University and further admits that Wilson was a graduate student employed as a researcher at UCSC while Mr. Chen was employed at the University. Mr. Chen denies the remaining allegations in Paragraph 30.

31. Mr. Chen admits he co-authored a paper entitled "*Sequence-specific detection of individual DNA polymerase complexes on real time using a nanopore*," Nat. Nanotechnol. 2(11): 718-724 (Nov. 2007).

### III. The University Seeks Patent Protection for the UCSC Inventions.

32. Paragraph 32 calls for conclusions of law for which no response is required. To the extent a response is required, Mr. Chen admits, upon information and belief, that Plaintiff has filed the patent applications enumerated in the First Amended Complaint and that these patent applications have purported to identify Mr. Chen as a co-inventor.

33. Paragraph 33 calls for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore denies the same.

### IV. The Patent Rules Regarding Disclosure of Inventorship.

34. Paragraph 34 calls for conclusions of law to which no response is required.

35. Paragraph 35 calls for conclusions of law to which no response is required. To the extent a response is required, the requirements of 37 C.F.R. § 1.63 speak for themselves.

36.     Paragraph 36 calls for conclusions of law to which no response is required.  To the extent a response is required, the requirements of 37 C.F.R. § 1.64 speak for themselves.

37.     Paragraph 37 calls for conclusions of law to which no response is required.  To the extent a response is required, the requirements of 37 C.F.R. § 1.51 speak for themselves.

**V.      The University's Early Efforts to Obtain Patent Protection for the UCSC Inventions.**

38.     Mr. Chen admits, upon information and belief, that between 2007 and 2008 the University filed five patent applications listing Mr. Chen as an inventor, and that each of those applications is now inactive.  Mr. Chen further admits that the University subsequently filed one patent application each in 2013, 2014, and 2015, and two patent applications in 2016, and that these patent applications have purported to identify Mr. Chen as an inventor.

39.     Upon information and belief, admitted.

40.     Upon information and belief, admitted.

41.     Mr. Chen admits that the University contacted him in 2009 concerning the University's U.S. Application Serial No. 12/080,684, and International Patent Application Serial No. PCT/US2008/004467.  Mr. Chen denies the remaining allegations in Paragraph 41.

42.     Mr. Chen admits that the University asked him to sign declarations related to its patent applications in 2009 and 2010.  Mr. Chen denies that he was "evasive" in his responses to the University and admits that at no time did he ever state or indicate that he would not abide by any obligations he may have under the Patent Agreement.  Mr. Chen does not recall a telephone conversation with Matthew Kaser and therefore upon information and belief denies that a conversation took place.

43.     Upon information and belief, Mr. Chen admits that the University filed patent applications as described in Paragraph 32 of the First Amended Complaint.  Mr. Chen denies the remaining allegations in Paragraph 43.

44.     Mr. Chen admits that Genia was founded in March 2009.  Mr. Chen denies the remaining allegations in Paragraph 44.

**VI.    Chen Evades the University's Requests to Execute Patent Assignments and Declarations Relating to the University Patent Applications.**

45.    Mr. Chen admits that U.S. Application Serial No. 14/056,636 was filed on October 17, 2013 and lists Mr. Chen, Akeson, Deamer, Dunbar, and Wilson as inventors.

46.    The January 14, 2014 letter from the University to Mr. Chen speaks for itself and therefore no response is required.

47.    The January 22, 2014 letter from Mr. Chen to the University and the March 4, 2014 letter from the University to Mr. Chen speak for themselves and therefore require no response.

48.    The March 5, 2014 letter from Mr. Chen to the University speaks for itself and **therefore no response is required.**

49.    Mr. Chen lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 49, and therefore denies the same. Upon information and belief, Mr. Chen admits that Exhibit B is a true and correct copy of the University's policy. The second sentence contains conclusions of law to which no response is required and, further, the University's policy speaks for itself and therefore does not require a response. Mr. Chen denies the remaining allegations in Paragraph 49.

50.    Mr. Chen admits that the University filed U.S. Application Serial No. 14/300,453 on June 10, 2014 and that the application contains claims copied from U.S. Patent No. 8,461,854, assigned to Genia, but denies that Akeson, Deamer, Dunbar, and Wilson are true inventors of the claimed subject matter. Mr. Chen further denies that the University did not learn of the Genia Patents until 2014. The August 18, 2014 letter from the University to Mr. Chen speaks for itself and therefore no response is required.

51.    The September 5, 2014 letter speaks for itself and therefore no response is required.

52.    The University's written response, dated September 30, 2014, speaks for itself. As to the remaining allegations in Paragraph 52, Mr. Chen lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

1
2
3

53.     The February 25, 2016 and May 24, 2016 letters from Mr. Chen to the University each speak for themselves and therefore require no response. Mr. Chen denies the remaining allegations in Paragraph 53.

4
5
6

54.     Mr. Chen admits that Genia has filed patent applications related to nanopore technology in which he was listed as an inventor, beginning on February 8, 2010. Mr. Chen denies the remaining allegations in Paragraph 54.

7
8

55.     Admitted, since Mr. Chen did not invent the subject matter claimed in those applications while he was at UCSC.

9

**VII.     Chen Uses the UCSC Inventions to Found a New Company, Genia.**

10
11

56.     Mr. Chen admits that Genia was founded in March 2009 by him and others and is a "nanopore based sequence company." Mr. Chen denies remaining allegations in Paragraph 56.

12
13
14

57.     Mr. Chen admits that the University filed claims in at least University Application Serial No. 14/300,453 that were copied from claims of Genia's U.S. Patent No. 8,461,854. Mr. Chen denies the allegations in Paragraph 57.

15

58.     Mr. Chen denies the allegations in Paragraph 58.

16
17
18
19

59.     Upon information and belief, Mr. Chen admits that Randy Davis was never employed by or a student at UCSC and that he did not participate in any of the work at Akeson and Deamer's laboratory at UCSC prior to Mr. Chen's departure in 2008. Mr. Chen denies the remaining allegations in Paragraph 59.

20
21
22

60.     To the extent Paragraph 60 purports to characterize the contents of the Patent Agreement, that document speaks for itself and no response is required. Mr. Chen denies the remaining allegations in Paragraph 60.

23

61.     Mr. Chen denies the allegations in Paragraph 61.

24

**VIII.     Roche Pays More than $125 Million to Acquire Genia.**

25
26

62.     Mr. Chen admits that Roche is a major healthcare company with a significant annual revenue and a large number of employees worldwide. Mr. Chen further admits that Roche

27
28

agreed to acquire Genia in June 2014. The Press Release regarding the acquisition speaks for itself and therefore no response is required.

63.     Mr. Chen admits that Genia's intellectual property was part of the consideration in Roche's acquisition of Genia. Mr. Chen denies the remaining allegations in Paragraph 63.

64.     Mr. Chen admits that he received compensation from Roche's acquisition of Genia. Mr. Chen denies the remaining allegations in Paragraph 64.

## IX.     Chen's Evasive Conduct Prevented the University from Discovering His Misconduct.

65.     Paragraph 65 calls for conclusions of law to which no response is required. To the extent a response is required, the Patent Agreement speaks for itself. Mr. Chen denies the remaining allegations in Paragraph 65.

66.     Paragraph 66 calls for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen denies the allegations in Paragraph 66.

67.     Paragraph 67 calls for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen denies the allegations in Paragraph 67.

68.     Mr. Chen admits that the '914 Patent was published on August 11, 2011 and issued on December 4, 2014. The remaining allegations of Paragraph 68 call for conclusions of law to which no response is required. To the extent a response is required, Mr. Chen denies the remaining allegations in Paragraph 68.

69.     Mr. Chen admits that the '914 Patent was published on August 11, 2011 and that the chart in Paragraph 69 accurately sets forth claim 1 as recited in the '914 Patent and U.S. Patent App. No. 13/620,973. The remaining allegations in Paragraph 69 call for conclusions of law to which no response is required.

70.     Mr. Chen admits that the Genia Patent applications filed subsequent to the August 11, 2011 patent are continuation applications that recite additional claims to the same invention disclosed in U.S. Patent No. 8,324,914. Mr. Chen denies the remaining allegations in Paragraph 70.

71.     Mr. Chen denies the allegation in the first sentence of Paragraph 71.  Genia admits that U.S. Patent App. No. 12/658,604 published on August 11, 2011; that U.S. Patent App. No. 13/620,973 published on January 17, 2013; that U.S. Patent App. No. 13/893,142 published on January 16, 2014; that U.S. Patent App. No. 14/513,642 published on April 2, 2015; and that U.S. Patent App. No. 15/079,322 published on November 24, 2016.  Mr. Chen denies that Genia kept the pursuit of these patent applications "secret at all times."  Mr. Chen lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 71, and therefore denies the same.

72.     Mr. Chen denies that he induced the University into forbearing suit and further denies that he misled the University with respect to his obligations, if any, under the Patent Agreement. To the extent Paragraph 72 purports to summarize communications between Mr. Chen and the University, those communications speak for themselves and therefore require no response. Mr. Chen denies all remaining allegations in Paragraph 72.

73.     Paragraph 73 calls for conclusions of law to which no response is required.  To the extent a response is required, Mr. Chen denies the allegations in Paragraph 73.

74.     Paragraph 74 calls for conclusions of law to which no response is required.  To the extent a response is required, Mr. Chen denies the allegations in Paragraph 74.

## CLAIMS FOR RELIEF

### First Claim for Relief

### Correction of Inventorship Under 35 U.S.C. § 256

### (Against Chen and Genia)

75.     Mr. Chen repeats and incorporates its answers to Paragraphs 1 through 74 above, as if set forth fully herein.

76.     Upon information and belief, admitted to the extent the "UCSC Inventions" purport to encompass inventions made by Mr. Chen while at Genia and further admitted to the extent that

1    Mr. Chen did not invent the claimed subject matter set forth in the UCSC Inventions while he was

2    at UCSC.

3            77.    Paragraph 77 calls for conclusions of law to which no response is required. To the

4    extent a response is required, Mr. Chen denies the allegations in Paragraph 77.

5            78.    Mr. Chen denies the allegations in Paragraph 78.

6            79.    Mr. Chen admits that the Genia Patents identify Mr. Davis as a co-inventor, and

7    that Mr. Davis did not work at the University during the time period in which Mr. Chen worked

8    for the University, and that he has never worked for the University. Mr. Chen denies the remaining

9    allegations in Paragraph 79.

10           80.    Mr. Chen denies the allegations in Paragraph 80.

11           81.    Mr. Chen denies the allegations in Paragraph 81.

12           82.    Mr. Chen denies the allegations in Paragraph 82.

13           83.    Mr. Chen denies the allegations in Paragraph 83.

14           84.    Mr. Chen denies the allegations in Paragraph 84.

15           85.    Mr. Chen denies the allegations in Paragraph 85.

16           86.    Mr. Chen admits that he is one of the true inventors of the Genia Patents. Mr. Chen

17   denies the remaining allegations in Paragraph 86.

18           87.    Mr. Chen admits that the University is seeking relief pursuant to 28 U.S.C. § 2201

19   and 35 U.S.C. § 256. Mr. Chen denies that the University is entitled to any such relief.

20                            **Second Claim for Relief**

21                        **Declaration of Patent Ownership**

22                           **(Against Chen and Genia)**

23           88.    Mr. Chen repeats and incorporates his answers to Paragraphs 1 through 87 above,

24   as if set forth fully herein.

25           89.    Mr. Chen admits that after leaving the University and co-founding Genia, he filed

26   patent applications that were assigned to Genia. Mr. Chen denies the remaining allegations in

27   Paragraph 89.

28

90.     Mr. Chen admits that the patents and patent applications referenced in Paragraph 90 are assigned to Genia.

91.     Mr. Chen denies the allegations in Paragraph 91.

92.     Admitted.

93.     Mr. Chen denies the allegations in Paragraph 93.

### Third Claim for Relief

**Breach of Contract**

**(Against Chen)**

94.     Mr. Chen repeats and incorporates his answers to Paragraphs 1 through 93 above, as if set forth fully herein.

95.     Paragraph 95 calls for a conclusion of law to which no response is required. To the extent a response is required, Mr. Chen admits that he entered into the Patent Agreement on September 15, 2005. Mr. Chen denies that execution of the Patent Agreement was a condition of his employment at the University.

96.     Paragraph 96 calls for conclusions of law to which no response is required. To the extent a response is required, the Patent Agreement speaks for itself.

97.     Paragraph 97 calls for conclusions of law to which no response is required.

98.     Mr. Chen denies the allegations in Paragraph 98.

99.     Mr. Chen admits that the University asked him to sign declarations related to its patent applications in 2009 and 2010. Mr. Chen denies that he failed to respond to the University's requests and admits that at no time did he ever state or indicate that he would not abide by any obligations he may have under the Patent Agreement. Mr. Chen does not recall a telephone conversation with Matthew Kaser and therefore upon information and belief denies that a conversation took place.

100.     The communications between the University and Mr. Chen in January 2014 speak for themselves and therefore require no response.

101.    The March 5, 2014 and February 25, 2016 letters between the University and Mr. Chen speak for themselves and therefore no response is required.  Paragraph 101 further calls for conclusions of law to which no response is required.  To the extent a response is required, Mr. Chen denies the allegations in Paragraph 101.

102.    Mr. Chen denies the allegations in Paragraph 102.

103.    Mr. Chen denies the allegation in Paragraph 103.

104.    Mr. Chen denies the allegations in Paragraph 104.

105.    Mr. Chen denies the allegations in Paragraph 105.

106.    Mr. Chen denies the allegation in Paragraph 106.

107.    Mr. Chen denies the allegations in Paragraph 107.

## Fourth Claim for Relief

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against Chen)

108.    Mr. Chen repeats and incorporates his answers to Paragraphs 1 through 107 above, as if set forth fully herein.

109.    Paragraph 109 calls for conclusions of law to which no response is required.

110.    Paragraph 110 calls for conclusions of law to which no response is required.

111.    Mr. Chen denies the allegations in Paragraph 111.

112.    Mr. Chen denies the allegation in Paragraph 112.

## Fifth Claim for Relief

### Conversion

### (Against Chen and Genia)

113.    Mr. Chen repeats and incorporates his answers to Paragraphs 1 through 112 above, as if set forth fully herein.

114.    Paragraph 114 calls for conclusions of law to which no response is required.  To the extent a response is required, Mr. Chen denies the allegations in Paragraphs 114.

1    115.    Mr. Chen denies the allegations in Paragraph 115.

2    116.    Mr. Chen denies the allegations in Paragraph 116.

3    117.    Mr. Chen denies the allegations in Paragraph 117.

4    118.    Mr. Chen admits that he is one of the co-founders of Genia. Mr. Chen denies the

5    allegations in Paragraph 118.

6    119.    Mr. Chen denies the allegation in Paragraph 119.

7    120.    Mr. Chen denies the allegations in Paragraph 120.

8    121.    Mr. Chen denies the allegation in Paragraph 121.

9                          **Sixth Claim for Relief**

10                        **Inducing Breach of Contract**

11                              **(Against Genia)**

12    122.    Mr. Chen repeats and incorporates his answers to Paragraphs 1 through 121 above,

13    as if set forth fully herein.

14    123.    Paragraph 123 calls for a conclusion of law to which no response is required. To

15    the extent a response is required, Mr. Chen admits that he signed the Patent Agreement on

16    September 15, 2005. Mr. Chen denies that execution of the Patent Agreement was a condition of

17    his employment at the University.

18    124.    Paragraph 124 calls for conclusions of law to which no response is required. To

19    the extent a response is required, the Patent Agreement speaks for itself.

20    125.    Paragraph 125 calls for conclusions of law to which no response is required.

21    126.    Mr. Chen admits that he is a co-founder of Genia. Mr. Chen denies the remaining

22    allegations in Paragraph 126.

23    127.    Mr. Chen denies the allegations in Paragraph 127.

24    128.    Mr. Chen denies the allegation in Paragraph 128.

25    129.    Mr. Chen denies the allegations in Paragraph 129.

26    130.    Mr. Chen denies the allegations in Paragraph 130.

27    131.    Mr. Chen denies the allegations in Paragraph 131.

28

**Seventh Claim for Relief**

**Intentional Interference with Contractual Relations**

**(Against Genia)**

132.    Mr. Chen repeats and incorporates his answers to Paragraphs 1 through 131 above, as if set forth fully herein.

133.    Paragraph 133 calls for a conclusion of law to which no response is required.  To the extent a response is required, Mr. Chen admits that he entered into the Patent Agreement on September 15, 2005.  Mr. Chen denies that execution of the Patent Agreement was a condition of his employment at the University.

134.    Paragraph 134 calls for conclusions of law to which no response is required.  To the extent a response is required, the Patent Agreement speaks for itself.

135.    Paragraph 135 calls for conclusions of law to which no response is required.

136.    Mr. Chen admits he is a co-founder of Genia.  Mr. Chen denies the remaining allegations in Paragraph 136.

137.    Mr. Chen denies the allegations in Paragraph 137.

138.    Mr. Chen denies the allegation in Paragraph 138.

139.    Mr. Chen denies the allegations in Paragraph 139.

140.    Mr. Chen denies the allegations in Paragraph 140.

141.    Mr. Chen denies the allegations in Paragraph 141.

**Eighth Claim for Relief**

**Constructive Trust**

**(Against Chen and Genia)**

142.    Mr. Chen repeats and incorporates his answers to Paragraphs 1 through 141 above, as if set forth fully herein.

143.    Mr. Chen denies the allegations in Paragraph 143.

144.    Mr. Chen denies the allegations in Paragraph 144.

145.    Genia denies the allegations in Paragraph 145.

146.    Mr. Chen admits that Roche agreed to pay Genia's shareholders $125 million in cash, plus $225 million in contingent payments. Mr. Chen further admits that Genia's intellectual property was part of the consideration in Roche's acquisition of Genia. Mr. Chen denies the remaining allegations in Paragraph 146.

147.    Mr. Chen denies the allegations in Paragraph 147.

148.    Mr. Chen denies the allegations in Paragraph 148.

149.    Mr. Chen denies the allegations in Paragraph 149.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mr. Chen hereby demands a jury for all issues so triable.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

Mr. Chen denies that he is liable for any relief requested in the Request for Relief, including that requested in subparagraphs 1 through 12. The inventorship of the '914, '854, '420, and '437 Patents correctly reflect the true inventors. Mr. Chen has never appropriated any invention created by Mr. Chen while at the University and therefore the University has no right to be declared the true and lawful owner of the Genia Patents. Nor is the University entitled to recover statutory damages, compensatory damages, accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Mr. Chen. The University's request should therefore be denied in its entirety and with prejudice. Mr. Chen asks that judgment on the University's claims be entered for Defendants.

## AFFIRMATIVE DEFENSES

Mr. Chen alleges and asserts the following defenses in response to the allegations and each claim for relief, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Mr. Chen specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim for Relief)

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitations)

2. Claims II-VIII are barred by the applicable statutes of limitation. The operative events underlying each of these claims occurred well before December 29, 2012, and therefore accrued in advance of the earliest accrual date permitted by the statutes of limitation governing each of these claims.

### THIRD AFFIRMATIVE DEFENSE

#### (Preemption)

3. Claims II-VIII are barred by federal preemption because each of these claims turns upon a determination of the proper inventorship of the Genia Patents, a determination exclusive to federal law.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches and Equitable Estoppel)

4. Each claim is barred by the doctrines of laches and/or equitable estoppel because Plaintiff, through its conduct, made representations to Mr. Chen that Mr. Chen in turn relied upon. Plaintiff, by bringing this untimely suit, has changed its representations to Mr. Chen's detriment.

### FIFTH AFFIRMATIVE DEFENSE

#### (Presumption of Correct Inventorship)

5. The issuance of the Genia Patents creates a presumption that the named inventors are the true and only inventors of the claims disclosed in those patents. Plaintiff will not be able to produce evidence sufficient to overcome this presumption.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTH AFFIRMATIVE DEFENSE

#### (Waiver, Acquiescence, and Ratification)

6.   Each claim for relief alleged is barred, in whole or in part, by the doctrines of waiver, acquiesce and ratification, supported by at least Plaintiff's tardiness in bringing this action and asserting any rights to the Genia Patents.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

7.   Each cause of action alleged is barred, in whole or in part, by the equitable doctrine of unclean hands. Plaintiff has acted in bad faith through the conspicuous timing for the filing of this lawsuit, and therefore is not entitled to relief.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

8.   If Plaintiff has suffered any damages by reason of any acts, omissions, or courses of conduct on the part of Genia, all or part of the damages were caused by or are attributable to the failure of the University to act reasonably or prudently to mitigate it damages. For example, Plaintiff failed to diligently pursue patent prosecution in this case.

### NINTH AFFIRMATIVE DEFENSE

#### (No Breach of Contract)

9.   Claims III-VII are barred in whole or in part because Mr. Chen met all of his contractual and legal duties under the Patent Agreement, and both Mr. Chen and Genia did not breach any duties, if any, owed to UCSC.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Join)

10.   The University has failed to name or join an indispensable party or parties to the present action, including but not limited to Oxford Nanopore Technologies Limited and any other persons or entities that may have an ownership interest in the UCSC Patents, as defined in the First Amended Complaint. Oxford Nanopore Technologies Limited is, upon information and

1   belief, the exclusive licensee of the UCSC Patents and, in effect, the assignee of the UCSC

2   Patents. Accordingly, considerations of finality, judicial economy, and fairness require that it be

3   brought into the litigation.

4    DATE: September 15, 2017                    **WILMER CUTLER PICKERING**
                                                **HALE AND DORR LLP**
5

6                                                /s/ Robert J. Gunther, Jr.
7                                                Robert J. Gunther, Jr. (NY: 1967652)
                                                robert.gunther@wilmerhale.com
8                                                Omar Khan (*pro hac vice*)
                                                omar.khan@wilmerhale.com
9                                                WILMER CUTLER PICKERING HALE
                                                AND DORR LLP
10                                               250 Greenwich Street
                                                New York, NY 10007
11                                               Telephone: (212) 230-8800
                                                Facsimile: (212) 230-8888
12
                                                Robert M. Galvin (State Bar No. 171508)
13                                               robert.galvin@wilmerhale.com
                                                WILMER CUTLER PICKERING HALE
14                                               AND DORR LLP
                                                950 Page Mill Road
15                                               Palo Alto, CA 94304
                                                Telephone: (650) 858-6000
16                                               Facsimile: (650) 858-6100

17                                               Sarah B. Petty (*pro hac vice*)
                                                sarah.petty@wilmerhale.com
18                                               WILMER CUTLER PICKERING HALE
                                                AND DORR LLP
19                                               60 State Street
                                                Boston, MA 02109
20                                               Telephone: (617) 526-6000
                                                Facsimile: (617) 526-5000
21
                                                Nora Q.E. Passamaneck (*pro hac vice*)
22                                               nora.passamaneck@wilmerhale.com
                                                WILMER CUTLER PICKERING HALE
23                                               AND DORR LLP
                                                1225 17th Street, Suite 2600
24                                               Denver, CO 80202
                                                Telephone: (720) 274-3135
25                                               Facsimile: (720) 274-3133

26                                               *Counsel for Roger Jinteh Arrigo Chen*

27

28