*Full listing of Counsel can be found on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROGER JINTEH ARRIGO CHEN, an individual; GENIA TECHNOLOGIES, INC., a Delaware corporation; and DOES 1-25,<br><br>Defendants. | Case No. 3:16-cv-07396<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR LITIGATION** |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties agree that they will make counsel with knowledge of e-discovery issues available to meet and confer as needed.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

   a) Only ESI created or received between May 1, 2005 and December 29, 2016 (to the extent that it is in a party's possession, custody, or control) will be preserved;

   b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, *e.g.*, "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

   c) The parties will agree on the number of custodians per party for whom ESI will be preserved;

   d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: backup media of electronic systems, systems no longer in use that cannot be accessed;

   e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: digital voicemail, instant messaging, automatically saved versions of documents;

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in single-page Group IV B&W 300 DPI TIFF file format, with standard delimited load files (DAT files) for metadata as available, and Opticon format files (OPT files) with document breaks and page counts. Excel files and other database or unimageable formats are agreed to be produced in native format, renamed by their Bates number, for example, ABC00000002.xls, and the corresponding native file location referenced in DAT files. Separate document level text files shall be provided for all documents produced, and the corresponding text file location referenced in DAT files. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process. DAT files will include the following metadata fields as available:

    a)  Begin Bates

    b)  End Bates

    c)  Begin Bates Attach

    d)  End Bates Attach

    e)  Custodian All

    f)  Email From

    g)  Email To

    h)  Email CC

    i)  Email BCC

    j)  Email Subject

    k)  Email Date Sent

    l)  Email Time Sent

    m)  Time Zone

|   |   |
|---|---|
| 1 | n) File Type |
| 2 | o) File Extension |
| 3 | p) File Name |
| 4 | q) Author |
| 5 | r) Date Created |
| 6 | s) Time Created |
| 7 | t) Date Modified |
| 8 | u) Time Modified |
| 9 | v) File Size |
| 10 | w) Page Count |
| 11 | x) Original File Path |
| 12 | y) MD5 Hash |
| 13 | z) Conversation Index |
| 14 | aa) Email ThreadID |
| 15 | bb) Document Title |
| 16 | cc) Native Link (Path to native file in production) |
| 17 | dd) Path (Path to extracted/OCR text file in production) |

## 7. PHASING

The parties agree to phase the production of ESI, by first producing ESI held by a party which is identified by search terms provided by the requesting party. After an initial production, the parties shall identify custodians and search terms for the production of email. <u>For ESI other than email, the parties agree to 20 search terms per side. For email, the parties agree to 5 custodians per side and 10-15 keywords per custodian</u>.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-

protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Both parties agree that any inadvertent inclusion of any privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. Both parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure.

c) Communications involving trial counsel need not be placed on a privilege log.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: January 26, 2018          /s/ Stuart C. Plunkett
                                 Counsel for Plaintiff

Dated: January 26, 2018          /s/ Sarah B. Petty
                                 Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:   1/29/18                 _____
                                 UNITED STATES DISTRICT/MAGISTRATE JUDGE



Dated: January 26, 2018

| **BAKER BOTTS LLP** | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
|---|---|
| /s/ *Stuart C. Plunkett* | /s/ *Sarah B. Petty* |
| Stuart C. Plunkett (State Bar No. 187971)<br>stuart.plunkett@bakerbotts.com<br>Ariel D. House (State Bar No. 280477)<br>Ariel.house@bakerbotts.com<br>BAKER BOTTS LLP<br>101 California Street, Suite 3070<br>San Francisco, California 94111<br>Telephone: (415) 291-6200<br>Facsimile: (415) 291-6300<br><br>Paul R. Morico (*pro hac vice*)<br>paul.morico@bakerbotts.com<br>Elizabeth D. Flannery (*pro hac vice*)<br>liz.flannery@bakerbotts.com<br>BAKER BOTTS LLP<br>One Shell Plaza<br>901 Louisiana Street<br>Houston, Texas 77002<br>Telephone: (713) 229-1234<br>Facsimile: (713) 229-1522<br><br>*Counsel for Plaintiff* | Robert J. Gunther, Jr.<br>Omar Khan<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>New York, NY 10007<br>Telephone: 212-230-8800<br>robert.gunther@wilmerhale.com<br>omar.khan@wilmerhale.com<br><br>Robert M. Galvin (State Bar No. 171508)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: 650-858-6000<br>robert.galvin@wilmerhale.com<br><br>Sarah B Petty<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: 617-526-6755<br>sarah.petty@wilmerhale.com<br><br>Nora Q.E. Passamaneck (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80202<br>Telephone: 720-274-3135<br>nora.passamaneck@wilmerhale.com<br><br>*Counsel for Defendants* |

# ATTESTATION

I hereby attest that I have obtained concurrence of the above noted signatories as indicated by a "conformed" signatures within this e-filed document.

DATED: January 26, 2018

By: /s/ *Stuart C. Plunkett*
Stuart C. Plunkett (SBN 187971)
stuart.plunkett@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6204

*Counsel for Plaintiff*