REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Robert J. Gunther, Jr. (NY SBN: 1967652)
robert.gunther@wilmerhale.com
Christopher R. Noyes (*pro hac vice*)
christopher.noyes@wilmerhale.com
Omar Khan (*pro hac vice*)
omar.khan@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888

Robert M. Galvin (State Bar No. 171508)
robert.galvin@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-858-6000
Facsimile: 650-858-6100

Sarah B. Petty (*pro hac vice*)
sarah.petty@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000

Nora Q.E. Passamaneck (*pro hac vice*)
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: 720-274-3135
Facsimile: 720-274-3133

*Counsel for Defendants Roger Jinteh Arrigo
Chen and Genia Technologies, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>ROGER JINTEH ARRIGO CHEN, an individual; GENIA TECHNOLOGIES, INC., a Delaware corporation; and DOES 1-25,<br><br>          Defendants. | Case No. 3:16-cv-07396-EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO JOIN OXFORD NANOPORE TECHNOLOGIES, INC.**<br><br>Presiding: Hon. Edward M. Chen<br>Date: June 21, 2018<br>Time: 1:30 PM<br>Courtroom: Courtroom 5, 17th Floor<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

STATEMENT OF REQUESTED RELIEF ..................................................................................1

STATEMENT OF ISSUE TO BE DECIDED...........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I.      INTRODUCTION ...........................................................................................................1

II.     LEGAL STANDARD......................................................................................................3

III.    FACTUAL BACKGROUND ..........................................................................................4

        A.      Plaintiff's Lawsuit ..............................................................................................4

        B.      The UCSC/Oxford License Agreements ............................................................5

        C.      Oxford's Patent Applications .............................................................................7

IV.     ARGUMENT ...................................................................................................................7

        A.      Oxford Is a Necessary Party Under Fed. R. Civ. P. 19(a)(1)...........................7

                1.      Joining Oxford Is Necessary Under Rule 19(a)(1)(A) To Accord
                        Complete Relief to the Existing Parties ................................................8

                2.      Oxford Is a Necessary Party Under Rule 19(a)(1)(B) ........................12

                        a.      If Oxford is not joined, Defendants face substantial risks of
                                incurring multiple or inconsistent obligations ..............................13

                        b.      Not joining Oxford could impair or impede its ability to
                                protect its claimed interest ...........................................................14

        B.      Joining Oxford Is Feasible ...............................................................................15

                1.      Oxford Is Subject to Personal Jurisdiction in This Forum........................15

                2.      Oxford Has Purposefully Directed Relevant Activities to Residents
                        in This Forum........................................................................................16

                3.      UC's Claims Relate to Oxford's Contacts with California......................16

                4.      The Exercise of Personal Jurisdiction is Reasonable and Fair ...............17

V.      CONCLUSION...............................................................................................................19

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1

## **TABLE OF AUTHORITIES**

2

Page(s)

3

### CASES

4

*Advanced Audio Devices, LLC v. Bay Consumer, Inc.*, No. 10 C 7699, 2011 WL
    6016242 (N.D. Ill. Dec. 2, 2011) ...........................................................10

5

6

*American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015 (9th Cir. 2002)...............................3, 14

7

*Amgen, Inc. v. F. Hoffman-LaRoche Ltd.*, 456 F. Supp. 2d 267 (D. Mass. 2006)....................8, 10

8

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336 (Fed. Cir. 2006)............................10

9

*Cuevas v. Joint Benefit Tr.*, No. 13-CV-00045-JST, 2013 WL 3578496 (N.D. Cal.
    July 12, 2013)...........................................................................7, 9, 15

10

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d
    1343 (Fed. Cir. 2002) ...............................................................................15

11

12

*E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774 (9th Cir. 2005) ...............................................3, 4

13

*Gould v. Control Laser Corp.*, 462 F. Supp. 685 (M.D. Fla. 1978), *aff'd in part
    and appeal otherwise dismissed*, 650 F.2d 617 (5th Cir. 1981) ............................9, 12, 13

14

*Greer v. Pac. Gas & Elec. Co.*, No. 1:15-CV-01066-EPG, 2016 WL 2939148
    (E.D. Cal. May 18, 2016)...........................................................................14

15

16

*Illumina, Inc. et al v. Oxford Nanopore Technologies Ltd. et al*, 3:16-cv-00477
    (S.D. Cal.) ...............................................................................15, 18

17

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001)...........................................15

18

*Independent Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926) ...............................10

19

*IRIS Corp. Berhad v. United States*, 82 Fed. Cl. 488 (Fed. Cl. 2008)...............................10, 12, 14

20

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) .........................................8, 10

21

*Leviton Mfg. Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353 (Fed. Cir.
    2010) ...............................................................................11

22

23

*Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088 (9th Cir.
    1994) ...............................................................................13, 14

24

25

*Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007) ...............................................12

26

27

28

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

*SonoSim, Inc. v. Medaphor Ltd.*, No. CV 16-2847-GW, 2016 WL 7479363 (C.D. Cal. Oct. 17, 2016) ...................................................................................................9

*Superguide Corp. v. DirectTV Enterprises, Inc.*, 202 F.R.D. 460 (W.D.N.C. 2001) .....................9

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ....................................................8

*Walsh v. Centeio*, 692 F.2d 1239 (9th Cir. 1982) ........................................................................12

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 WL 1654466 (N.D. Cal. Apr. 28, 2011) .................................................................15, 18

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 19 ............................................................................................................. *passim*

## OTHER AUTHORITIES

1 Annotated Patent Digest § 9:50 .................................................................................8, 10

7 Fed. Prac. & Proc. Civ. § 1609 (3d ed.) .........................................................................13

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## NOTICE OF MOTION AND MOTION

### TO:  PLAINTIFF AND ITS ATTORNEYS OF RECORD

**PLEASE TAKE NOTICE** that on June 21, 2018 at 1:30 PM, before the Honorable Edward M. Chen, Defendants Roger Chen and Genia Technologies, Inc. ("Genia") (collectively, "Defendants") will, and hereby do, move the Court to join Oxford Nanopore Technologies, Inc. ("Oxford") as a party-plaintiff pursuant to Fed. R. Civ. P. 19(a)(1).  This Motion is supported by the following Memorandum of Points and Authorities; the Declaration of Christopher R. Noyes, and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

### STATEMENT OF REQUESTED RELIEF

Pursuant to Fed. R. Civ. P. 19(a)(1), Defendants request that the Court join Oxford as a party-plaintiff in this action.

### STATEMENT OF ISSUE TO BE DECIDED

Whether, pursuant to Fed. R. Civ. P. 19(a)(1), Oxford must be joined as a party-plaintiff in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

For nearly one year, Defendants have pursued discovery on license agreements between The University of California, Santa Cruz ("UCSC") and Oxford in an effort to understand the relationship between UCSC and Oxford, and Oxford's role in this litigation.  For months, Plaintiff The Regents of the University of California ("UC") would only produce a heavily redacted version of UCSC's license agreement with Oxford.  Defendants were eventually able to obtain a less redacted version of the license agreement on February 9, 2018.  (*See* Decl. Ex. A, "Amended and Restated License Agreement," Dec. 19, 2016, UCAL-00005105 (the "Amended Agreement").)  The Amended Agreement disclosed that ███████████████████



, which were ultimately produced by UC on March 2, 2018.  (Decl. Ex. B, UCAL-00116273, Ex. C, UCAL-00116270.)

Just ten days before UC filed suit against Defendants,

---

[1] U.S. Patent Application Nos. 14/056,636, 14/300,453, 14/919,315, 15/087,734, and 15/162,225; along with U.S. Patent Application Nos. 60/921,787, 60/931,115, 60/967,539, 12/080,684, and International PCT Application No. PCT/US2008/004467.  ECF No. 48, FAC, ¶ 32.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

██████████████████████████████████████████████████████

Additionally, Oxford previously filed its *own* patent applications claiming ownership of certain of the claims and inventions in dispute here.  As such, a determination of ownership in this case that only resolves the dispute between UC and Defendants "cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1).

Given Oxford's ████████████ in the outcome of this dispute, and because Defendants face a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Oxford's interests, Oxford is a necessary party in this action under Federal Rule of Civil Procedure 19(a)(1).  Defendants respectfully submit to this Court that Oxford therefore should be joined as a party-plaintiff.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 19(a)(1), a party that is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party."  A party must be joined under Rule 19(a)(1)(A) if "in that person's absence, the court cannot accord complete relief among existing parties."  Alternatively, a party must be joined under Rule 19(a)(1)(B) if that party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  If either of the above conditions are met, the Ninth Circuit deems the party to be "necessary," using the "the traditional terminology."  *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1022 (9th Cir. 2002).

When "an absentee is a necessary party" then "the second stage is for the court to determine whether it is feasible to order that the absentee be joined."  *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).  There are "three circumstances in which joinder is

**MOTION TO JOIN OXFORD NANOPORE TECHNOLOGIES, INC.**

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Id.*

As demonstrated below, Oxford is a necessary party that must be joined as a plaintiff under Rule 19(a)(1), and joinder is feasible here.

## III. FACTUAL BACKGROUND

### A. Plaintiff's Lawsuit

Plaintiff UC brought this action alleging that defendant Roger Chen, while a graduate student at the UCSC, "conceived of and developed a series of inventions and proprietary technologies relating to a computer chip containing an array of individually addressable nanopores, which is used in characterizing a nucleic acid sequence of each of a plurality of nucleic acid molecules (the 'UCSC Inventions')."  (ECF No. 48, First Amended Complaint, ¶ 2.) UC seeks injunctive relief and damages relating to the alleged UCSC Inventions, including, among other things, assignment of certain patent rights, disgorgement of profits purportedly attributable to those rights, and other monetary damages.  (*See id*. at 45-46.)

Currently, UC is the sole named plaintiff.  In its Certificate of Interested Parties, UC disclosed that Oxford "has a financial interest in the subject matter in controversy as the exclusive licensee of certain patent applications and patents involved in this dispute."  (ECF No. 4 at 2.)  Until recently, however, the extent of Oxford's interest in this dispute was unknown to Defendants.  After Defendants made repeated requests for Oxford's exclusive license to the patent applications and patents involved in this dispute, on February 9, 2018, UC produced a sufficiently unredacted version of the "Amended and Restated License Agreement" between Oxford Nanopore Technologies Limited and the Regents of the University of California (the "Amended Agreement").  ███████████████████████



**B.    The UCSC/Oxford License Agreements**

---

[2] On April 14, 2017, Defendants served discovery requests seeking any license agreements between UCSC and Oxford.  On November 29, 2017, Plaintiff produced a heavily redacted version of the Amended Agreement.  The same day, Defendants notified Plaintiff that they intended to take steps to obtain the full agreement.  Plaintiff produced the Amended Agreement for a second time on December 5, 2017; once again, it was heavily redacted.  On January 3, 2018, Defendants again requested an unredacted copy of the Amended Agreement.  On January 12, 2018, Plaintiff again produced a heavily redacted version.  On February 6, 2018, Defendants requested an unredacted copy of the Amended Agreement for the third time.  On February 9, 2018, Defendants finally received a far less redacted version of the Amended Agreement.

[3] UC also alleges that certain Genia patents are "derived from the UCSC Inventions."  (ECF No. 48 ¶ 5; *id.* ¶ 57 (listing the "Genia Patents").)  According to UC, the Genia Patents "rightfully belong to the University" as the purported "true owner of the Genia Patents."  (ECF No. 48 ¶¶ 6-7.)



**MOTION TO JOIN OXFORD
NANOPORE TECHNOLOGIES, INC.**

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

████████████████████████████████.[5]

### C.    Oxford's Patent Applications

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████, Oxford has filed patent applications and holds its own

issued patents relating to DNA sequencing.  Two of Oxford's patent applications directly copied

claim language from Genia's U.S. Patent No. 8,461,854, which is one of the Genia patents

plaintiff UC claims to rightfully own.  (Decl. Ex. D, U.S. Patent Application No. 14/302,287, Ex.

E, U.S. Patent Application No. 14/302,303.)[6]  The Oxford patent applications name different

inventors than the University Patent Applications and the Genia Patents.  (*Id.*)  Oxford's separate

claim to ownership of the same technology in dispute in this case is not presently part of this

case.

## IV.    ARGUMENT

### A.    Oxford Is a Necessary Party Under Fed. R. Civ. P. 19(a)(1)

When "conducting the Rule 19(a)(1) analysis," the inquiry is "whether the absence of the

party would preclude the district court from fashioning meaningful relief as between the parties."

*Cuevas v. Joint Benefit Tr.*, No. 13-CV-00045-JST, 2013 WL 3578496, at *2 (N.D. Cal. July 12,

---

[5] ████████, UC did not join Oxford as a party to this action.  (ECF No. 1, Dec. 29, 2016.)

[6] In August and October 2016, the PTO issued Office actions for U.S. Patent Application Nos. 14/302,287 and 14/302,303, to which Oxford did not respond.  (Decl. Ex. F, Ex. G.) Accordingly, in 2017 the PTO issued notices of abandonment for U.S. Patent Application Nos. 14/302,287 and 14/302,303.  (Decl. Ex. H, Ex. I.)  While U.S. Patent Application Nos. 14/302,287 and 14/302,303 were abandoned, Oxford has recently filed new continuation patent applications that would allow Oxford to once again pursue these copied claims.  (Decl. Ex. J (U.S. Patent Application No. 15/434,574, continuation of U.S. Patent Application No. 14/302,287); Ex. K (U.S. Patent Application No. 15/491,450, continuation of U.S. Patent Application No. 14/302,303).)

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

2013) (quotations omitted).  "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action."  *Id.*  The Court's inquiry is "guided by pragmatic considerations," including whether a licensee has "a sufficient interest … as could … subject [Defendants] to multiple liability."  *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1462 (Fed. Cir. 1990) (quotations omitted); *see also id.* ("joinder of claims, parties and remedies is strongly encouraged") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)).  Notably, the less redacted Amended Agreement was important for Defendants to obtain prior to moving to join Oxford in part because

### 1.    Joining Oxford Is Necessary Under Rule 19(a)(1)(A) To Accord Complete Relief to the Existing Parties

To fashion meaningful relief for the existing parties in this patent ownership dispute, Oxford must be joined.  A determination of ownership without Oxford's participation will result in incomplete relief because (1)

; and (3) Oxford has independently filed (without UCSC) patent applications asserting ownership of the same claims at issue here.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████. *See, e.g.,*

*SonoSim, Inc. v. Medaphor Ltd.*, No. CV 16-2847-GW, 2016 WL 7479363, at *2-3 (C.D. Cal.

Oct. 17, 2016) (holding that an exclusive licensee had standing to sue despite ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████    To alleviate that threat and to accord complete

relief, Oxford must be joined.  *See Superguide Corp. v. DirectV Enters., Inc.*, 202 F.R.D. 460,

463 (W.D.N.C. 2001) ("The court finds that joinder of [the exclusive licensee] is necessary to

afford complete relief among the parties.").

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████    Joining

Oxford in this action will allow complete and meaningful resolution of ████████ ownership

claims arising out of the facts and circumstances that led to this litigation.  Oxford's non-joinder,

on the other hand, "creates a genuine risk of multiple adjudications on the same issues and

creates real doubt that this court's judgment will accord the parties the relief to which they are

ultimately entitled."  *Gould v. Control Laser Corp.*, 462 F. Supp. 685, 687 (M.D. Fla. 1978),

*aff'd in part and appeal otherwise dismissed*, 650 F.2d 617 (5th Cir. 1981); *see also Cuevas*, No.

13-CV-00045-JST, 2013 WL 3578496, at *2.

In patent cases, "[i]t is well settled that '[f]or the same policy reasons that a patentee must

be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1   licensee.'" *IRIS Corp. Berhad v. United States*, 82 Fed. Cl. 488, 499 (Fed. Cl. 2008) (quoting

2   *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006)).  In *Aspex*,

3   the Federal Circuit looked to longtime Supreme Court precedent asserting that "both the owner

4   [of a patent] and the exclusive licensee are generally necessary parties in an action in equity."

5   434 F.3d at 1344 (citing *Indept. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 466

6   (1926)).  *Aspex* has been widely cited and followed.  *See, e.g.*, *Advanced Audio Devices, LLC v.

7   Bay Consumer, Inc.*, No. 10 C 7699, 2011 WL 6016242, at *3 (N.D. Ill. Dec. 2, 2011) (citing

8   *Aspex* and explaining that "[a]n exclusive licensee should be joined to a suit by the patentee");

9   *Amgen*, 456 F. Supp. 2d at 283 ("Pursuant to *Aspex*, the Court rules that an exclusive licensee

10  must be joined in an infringement suit brought by the patent owner.");  1 Annotated Patent Digest

11  § 9:50 ("not only does the exclusive licensee have the right to join a suit brought by the patentee,

12  the Federal Circuit has held that the exclusive licensee must be joined").

13       The Federal Circuit's decision in *Aspex* is persuasive authority here because the "public

14  policy in favor of preventing multiple lawsuits on the same patent against the same accused

15  infringer" extends to the ownership dispute central to this case.  434 F.3d at 1343; *see also Katz*,

16  909 F.2d at 1462 (where patent holder brought infringement suit, Federal Circuit affirmed

17  joinder of licensee, "agree[ing] with the district court that [determining exactly who owns the

18  patents] is facilitated by joinder").  ████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ████████████████████████████  Because "the disposition of this suit" could "expose the

22  defendants to multiple lawsuits if [the exclusive licensee] is not joined," Oxford should be joined

23  as a party-plaintiff.  *IRIS*, 82 Fed. Cl. at 499.

24       Third, Oxford has filed its own patent applications (separate from UCSC) that are

25  implicated here.  Some of Oxford's patent applications copy language from U.S. Patent No.

26  8,461,854 ("Genia's '854 Patent"), one of the Genia Patents at issue in this litigation and to

**MOTION TO JOIN OXFORD
NANOPORE TECHNOLOGIES, INC.**

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

which UC claims ownership.  (Decl. Ex. D, Ex. E.)  To illustrate, Claim 1 of Genia's '854 Patent

includes the following claim language:

> [A] chip comprising a plurality of individually addressable nanopores, an
> individually addressable nanopore of said plurality of individually addressable
> nanopores containing at least one nanopore formed in a membrane disposed adjacent
> to an electrode, wherein each individually addressable nanopore is adapted to
> detect a nucleic acid molecule or a portion thereof[.]

(Decl. Ex. L.)  In this litigation, UC asserts that it is the rightful owner of this claimed invention:

> . … Akeson, Deamer, Dunbar, Wilson, and, on information and belief, Chen, jointly
> conceived of at least systems for sequencing nucleic acid … as claimed in at least the
> Genia '854 Patent … :
>> (a) a chip comprising a plurality of individually addressable nanopores, an
>> individually addressable nanopore of said plurality of individually addressable
>> nanopores containing at least one nanopore formed in a membrane disposed
>> adjacent to an electrode, wherein each individually addressable nanopore is
>> adapted to aid in the detection of said nucleic acid molecule or a portion[.]

(ECF No. 48 ¶ 83(a).)  However, Oxford has separately taken the position in the Patent Office

that it (not UC) is the owner of this claimed invention in its U.S. Patent Application Nos.

14/302,303 and 14/302,287, which read in relevant part:

> [A] chip comprising a plurality of individually addressable nanopores, an individually
> addressable nanopore of said plurality of individually addressable nanopores containing
> at least one nanopore formed in a membrane disposed adjacent to an electrode, wherein
> each individually addressable nanopore is adapted to detect a nucleic acid molecule or a
> portion thereof[.]

(Decl. Ex. D, Ex. E.)

    Clearly, "nearly identical claims raise a substantial inventorship question."  *Leviton Mfg.*

*Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1360 (Fed. Cir. 2010).  Therefore,

Oxford must necessarily be joined as a party in this case.  The Court cannot fully resolve the

existing parties' ownership dispute because Oxford, as a non-party, has previously claimed that it

is the rightful owner of the same inventions in dispute here.  As such, a determination of

ownership that only resolves the dispute between Plaintiff UC and the Defendants "cannot

accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1).

Oxford not only has the means (████████████████████████████████

████████████████████████) to pursue separate litigation against Defendants, Oxford

has the incentive (separate from UCSC) to do so as a commercial competitor to Genia in DNA

sequencing.  Thus, failing to join Oxford could provide Oxford with a second bite at the apple

by, for example, ████████████████████████████████████████ in the

event that Defendants prevail against UC.  *See Gould*, 462 F. Supp. at 687 ("In the event that the

judgment is adverse to [the patentee] … [the exclusive licensee] might well feel free to relitigate

the issue in another forum.").  Where, as here, non-joinder "could subject [a party] to multiple

litigation," then joinder is required in order to provide "complete relief."  *Walsh v. Centeio*, 692

F.2d 1239, 1243-44 (9th Cir. 1982).

## 2.     Oxford Is a Necessary Party Under Rule 19(a)(1)(B)

Oxford also must be joined as a party pursuant to Rule 19(a)(1)(B).  There is no question

that Oxford "claims an interest relating to the subject of the action."  "An exclusive licensee is

considered to have" a "legally protected interest in the patent."  *Propat Int'l Corp. v. Rpost, Inc.*,

473 F.3d 1187, 1193 (Fed. Cir. 2007); *see also IRIS*, 82 Fed. Cl. at 499 (granting motion to join

exclusive licensee as a party plaintiff; finding "[licensee] retains a significant interest in the

patent-in-suit[, based on] … a long-term exclusive license with a potentially substantial financial

stake in the patent-in-suit [and the potential for] … 30 percent of the proceeds of this litigation").

Accordingly, as the exclusive licensee ████████████████████████, Oxford indisputably

has an interest in this action.  *See supra* III.B.  Further, disposing of this action in Oxford's

absence would (1) leave Defendants subject to a substantial risk of incurring multiple or

inconsistent obligations ████████████████, and (2) could impair or impede Oxford's

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

ability to protect ownership interests ███████████████████████████████ or its own patent applications.

              *a.*     *If Oxford is not joined, Defendants face substantial risks of incurring multiple or inconsistent obligations.*

      "Rule 19 is intended" not only "to protect the absentee from prejudice," but also "to protect those made parties from harassment by successive suits, and to protect the courts from being imposed upon by multiple litigation." 7 Fed. Prac. & Proc. Civ. § 1609 (3d ed.). ████████ ███████████████████████████████████████████████████ ████████████████████████████████ *Gould*, 462 F. Supp. at 686. "There can be little question but that, had it elected to do so," █████████████████████ action here. *Id.* at 687. Accordingly, "[s]ince [Oxford] is a 'proper party' with an █████████ █████████████████████████, an order compelling [its] joinder would work no unfairness to either" Oxford or Plaintiff. *Id.* That alone is basis enough to join Oxford. *See id.* ("The considerations of finality, judicial economy and fairness which underpin Rule 19 demand under these circumstances that [the exclusive licensee] be brought into the litigation.").

      Further, for the reasons described above, █████████████████████ ███████████████████████████████████████████ ████████████████████ The absence of Oxford as a party in this case means that "there can simply be no guarantee that defendants will not be exposed to the risk of multiple adjudications or that a final, binding judgment deciding all the issues between the parties can be entered by this court." *Id.* at 688; *cf. Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1098-1099 (9th Cir. 1994) (affirming dismissal of, *inter alia*, plaintiff's ownership claim based on failure to join tribal council in possession of land, deeming absentee tribal

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

council a "necessary party to this action" because judgment would not bind the tribal council from "assert[ing] its right to possess" the property).

> b.   *Not joining Oxford could impair or impede its ability to protect its claimed interest.*

This dispute also implicates Oxford's own rights and alleged ownership in the disputed inventions; ███████████████████████████████, "the interest [of the party that Defendants seek to join] arises from terms in bargained contracts, and the interest is substantial." *Am. Greyhound Racing*, 305 F.3d at 1023.  Plaintiff UC argues that the Genia Patents at issue in this litigation were "derived from" the "UCSC Inventions," which purportedly "rightfully belong to the University." (ECF No. 48 ¶¶ 5-6.)  At the same time, UC claims that its own "University Patent Applications" are also "based on the UCSC Inventions." (*Id.* ¶ 3.)  If Defendants prevail here, that will implicate the purported UCSC Inventions and, by extension, ████████████ ██████████████████████████████████.  *See IRIS*, 82 Fed. Cl. at 499 ("[T]he disposition of [licensor's] suit without [the exclusive licensee] could impair or impede [the exclusive licensee's] ability to protect his interests."); *cf. Pit River Home*, 30 F.3d at 1098-1099 (tribal council, as possessor of disputed property, had "a legal interest in the litigation, which would be impaired by the disposition of th[e] action without [the tribal council's] presence").  Therefore, "[a]djudication of plaintiff's claim necessarily will adjudicate the [absent party's] right to enforce the contract it has negotiated"—a practical reality that supports joinder.  *See Greer v. Pac. Gas & Elec. Co.*, No. 1:15-CV-01066-EPG, 2016 WL 2939148, at *3 (E.D. Cal. May 18, 2016).

Finally, as discussed above, the fact that both UCSC and Oxford have purported to be the inventors of the same disputed claims means that any adjudication here implicates (without

resolving) Oxford's interests. Oxford's "participation is necessary to protect its legally cognizable interests [and] to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Cuevas*, No. 13-CV-00045-JST, 2013 WL 3578496, at *2 (quotation omitted). As a result, Oxford should be joined.

### B.  Joining Oxford Is Feasible

It is feasible to join Oxford as a party in this action. This Court has subject-matter jurisdiction unaffected by joinder of Oxford, venue is proper, and, as set forth below, Oxford is unquestionably subject to personal jurisdiction.

### 1.  Oxford Is Subject to Personal Jurisdiction in This Forum

Oxford is a corporation organized under the laws of Delaware and has its principal place of business located at 1 Kendall Square, Cambridge, MA 02139. *Illumina, Inc. et al v. Oxford Nanopore Technologies Ltd. et al*, 3:16-cv-00477 (S.D. Cal.), ECF No. 14 at 2 ("Consent Order, Final Judgment, and Permanent Injunction"). "In deciding whether the Court has jurisdiction over an out-of-state defendant, the Court looks to Federal Circuit precedent," which uses the same test as the Ninth Circuit "when applying the minimum contacts standard set forth by the Supreme Court." *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 WL 1654466, at *3 (N.D. Cal. Apr. 28, 2011). "Because California's long-arm jurisdictional statute is coextensive with the limits of due process, the two inquiries [constitutional and statutory] collapse into a single inquiry: whether jurisdiction comports with due process." *Id.* (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). "The Court considers three factors in determining whether the exercise of specific personal jurisdiction over an out-of-state defendant comports with due process: (1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities in the forum; and (3) whether the exercise of jurisdiction is 'reasonable and fair.'" *Id.* at *4 (quoting *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1351 (Fed. Cir. 2002)).

2.    **Oxford Has Purposefully Directed Relevant Activities to Residents in This Forum**

While discovery is ongoing,[7] it is undisputed that Oxford holds an exclusive license agreement with UCSC, a California institution.  (ECF No. 4 at 2.) ███████████████

████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

3.    **UC's Claims Relate to Oxford's Contacts with California**

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

_____

[7] Defendants' pending discovery requests include, *inter alia*, ████████████████████████

██████████████████████████████████; (2) communications between Oxford and the alleged UCSC Inventors concerning Defendants; and (3)█████████████████████████████████

**MOTION TO JOIN OXFORD NANOPORE TECHNOLOGIES, INC.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14    There is no question that Oxford

15  has been

16       and other activities in this forum.  Moreover, if UC were to prevail on its claim for

17  damages,

18

19       **4.    The Exercise of Personal Jurisdiction is Reasonable and Fair**

20       Oxford has directed relevant commercial activities at residents of California and has

21  engaged in negotiations and litigation with the California-based parties to this suit.

22

23

24

25

26       Considering Oxford's

27



REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

"extensive licensing and enforcement activities with California residents, it would not be unfair to require [it] to litigate in this Court." *See Wistron*, No. C-10-4458 EMC, 2011 WL 1654466, at *10. Moreover, Oxford previously waived service of a complaint in a patent infringement action brought against Oxford in the Southern District of California. *Illumina, Inc. et al v. Oxford Nanopore Technologies Ltd. et al*, 3:16-cv-00477 (S.D. Cal.), ECF No. 8 at 1. Oxford consented to jurisdiction in that case, and the district court found that it had personal jurisdiction over Oxford, and that venue was proper. *Id.* at ECF No. 14 at 1-2.

Finally, as a practical matter, discovery is ongoing in this matter and Oxford is already involved, such that Oxford's joinder should not delay the trial date set in this matter.[8] Oxford made initial document productions on March 9 and March 26, 2018, in response to a Rule 45 subpoena.[9] While Oxford has produced some documents, third-party discovery of Oxford is insufficient and ultimately prejudicial to Defendants. For example, Oxford has repeatedly objected to identifying and producing documents that are "in the possession of Plaintiff[]" while at the same time Plaintiff has repeatedly objected to producing documents "that may be subject to third party confidentiality obligations or restrictions." (Decl. Ex. O, Oxford's Responses & Objections to Genia's Subpoena, Response to Request Nos. 1, 8, 14, 15; Decl. Ex. P, Plaintiff's Responses to Defendants' First Set of Production Requests, Nos. 11, 25, 27, 28, 43, 53.) On March 9, 2018, Plaintiff also added various search terms involving Oxford to the list Defendants will apply to their collection of email electronically stored information ("ESI"), indicating Plaintiff's acknowledgment of the importance of Oxford to this litigation. And, as described

---

[8] Separately, the Court has granted the parties' joint stipulation to extend fact discovery in this litigation. ECF No. 85.

[9] ███████████████████████████████████████████████

████████████████████████████████████████████████████

statutes of limitations defense. ECF Nos. 73 at 17 and 74 at 17. These documents are relevant to Defendants'

above, UC and Oxford share the same outside counsel.  Oxford's joinder would not represent a hardship for the existing parties.

**V.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court join Oxford as a party-plaintiff in this action.

1

Dated:  April 6, 2018.

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

2

3

 */s/* Robert J. Gunther, Jr.
Robert J. Gunther, Jr. (NY SBN: 1967652)
robert.gunther@wilmerhale.com
Christopher R. Noyes (*pro hac vice*)
christopher.noyes@wilmerhale.com
Omar Khan (*pro hac vice*)
omar.khan@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888

4

5

6

7

8

9

10

11

Robert M. Galvin (State Bar No. 171508)
robert.galvin@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-858-6000
Facsimile: 650-858-6100

12

13

14

15

16

Sarah B. Petty (*pro hac vice*)
sarah.petty@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000

17

18

19

20

21

Nora Q.E. Passamaneck (*pro hac vice*)
nora.passamaneck@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: 720-274-3135
Facsimile: 720-274-3133

22

23

24

25

26

27

28

20                    **MOTION TO JOIN OXFORD
NANOPORE TECHNOLOGIES, INC.**

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1

*Counsel for Defendants Roger Jinteh Arrigo Chen and Genia Technologies, Inc.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 6, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.5. Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

*/s/ Robert J. Gunther, Jr.*