# EXHIBIT O

Stuart C. Plunkett (State Bar No. 187971)
stuart.plunkett@bakerbotts.com
Ariel D. House (State Bar No. 2804177)
ariel.house@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Paul R. Morico (*pro hac vice*)
paul.morico@bakerbotts.com
Elizabeth D. Flannery (*pro hac vice*)
liz.flannery@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
901 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

*Counsel for Non-Party*
*Oxford Nanopore Technologies, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROGER JINTEH ARRIGO CHEN, an individual; GENIA TECHNOLOGIES, INC., a Delaware corporation; and DOES 1-25,<br><br>Defendants. | Case No. 3:16-cv-07396-EMC<br><br>**NON-PARTY OXFORD NANOPORE TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT GENIA TECHNOLOGIES, INC.'S SUBPOENA TO PRODUCE DOCUMENTS** |

**OXFORD NANOPORE TECHNOLOGIES, INC.'S**
**RESPONSES AND OBJECTIONS TO GENIA'S**
**SUBPOENA FOR DOCUMENTS AND TESTIMONY**

**CASE NO. 3:16-CV-07396-EMC**

## SPECIFIC OBJECTIONS AND RESPONSES
## TO THE REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents referring or relating to any agreements between ONT on the one hand, and Plaintiff and/or UCSC on the other hand.

**RESPONSE NO. 1:**

Oxford incorporates by reference each of its general objections above. Oxford objects to this Request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Oxford further objects to this Request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for Oxford. Oxford further objects to this request to the extent it requests "All documents" rather than documents sufficient to show the requested information. Oxford objects to this Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, including "all," "any," "relating to," and "referring to."   Oxford objects to this Request to the extent that it would impose a duty on Oxford to undertake a search for, or an evaluation of, or production of information, documents, or things for which Defendants are equally able to search for, evaluate, and obtain, including documents that are publicly available, in the possession of Plaintiffs, and/or are already in the possession of Defendants. Oxford further objects to this Request as overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of this case, and beyond the scope of permissible discovery to the extent it seeks documents without regard to the relevance to any claims or defenses in this case.

Subject to, and not waiving, its general and specific objections, Oxford will produce relevant, non-privileged documents proportional to the needs of this case that are sufficient to identify any agreements between Oxford on the one hand and Plaintiff and/or UCSC on the other hand.

Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Oxford further objects to this Request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for Oxford. Oxford further objects to this Request to the extent it requests "All documents" rather than documents sufficient to show the requested information. Oxford objects to this Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, including "all," "relating to," "any," and "referring to."  Oxford objects to this Request to the extent that it would impose a duty on Oxford to undertake a search for, or an evaluation of, or production of information, documents, or things for which Defendants are equally able to search for, evaluate, and obtain, including documents that are already in the possession of Defendants.

Subject to, and not waiving, its general and specific objections, to the extent they exist and are in the custody and control of Oxford, Oxford will produce relevant, non-privileged documents proportional to the needs of this case that reflect valuation of the Genia Patents.

**REQUEST NO. 8:**

All communications between ONT on the one hand and Plaintiff and/or UCSC on the other hand referring or relating to the alleged UCSC Inventions or the University Patent Applications.

**RESPONSE NO. 8:**

Oxford incorporates by reference each of its general objections above. Oxford objects to this Request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Oxford objects to this Request as not limited to a specific time period or a reasonable time frame relevant to this case. Oxford further objects to this Request to the extent it is not described with reasonable particularity, in that it seeks "All communications." Oxford objects to this Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are

vague, ambiguous, overbroad, or unduly burdensome, including "all," "relating to," and "referring to." Oxford objects to this Request to the extent that it would impose a duty on Oxford to undertake a search for, or an evaluation of, or production of information, documents, or things for which Defendants are equally able to search for, evaluate, and obtain, including documents that are publicly available, in the possession of Plaintiffs, and/or are already in the possession of Defendants. Oxford further objects to this Request as overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of this case, and beyond the scope of permissible discovery to the extent it seeks documents without regard to the relevance to any claims or defenses in this case.

Subject to, and not waiving, its general and specific objections, Oxford will produce relevant, non-privileged documents proportional to the needs of this case that are responsive to this Request to the extent that they exist, are in the custody and control of Oxford, and are reasonably accessible.

**REQUEST NO. 9:**

All communications between ONT on the one hand and Plaintiff and/or UCSC on the other hand referring or relating to the ONT Patent Applications.

**RESPONSE NO. 9:**

Oxford incorporates by reference each of its general objections above. Oxford objects to this Request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Oxford objects to this Request as not limited to a specific time period or a reasonable time frame relevant to this case. Oxford further objects to this Request to the extent it is not described with reasonable particularity, in that it seeks "All communications." Oxford objects to this Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, including "all," "relating to," and

to this Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, including "all," "relating to," and "referring to."  Oxford further objects to this Request as overbroad, vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome, and beyond the scope of permissible discovery. Oxford objects to this Request as not limited to a specific time period or a reasonable time frame relevant to this case.

Subject to, and not waiving, its general and specific objections, Oxford will produce relevant, non-privileged documents proportional to the needs of this case that are responsive to this Request to the extent that they exist, are in the custody and control of Oxford, and are reasonably accessible.

**REQUEST NO. 14:**

All communications between UCSC, Plaintiff, and/or their representatives or agents on the one hand, and ONT and its representatives or agents on the other hand, relating to Genia, Roger Chen, or the Genia Patents.

**RESPONSE NO. 14:**

Oxford incorporates by reference each of its general objections above. Oxford objects to this Request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Oxford objects to this Request as not limited to a specific time period or a reasonable time frame relevant to this case. Oxford further objects to this Request as it is not described with reasonable particularity, in that it seeks "All communications." Oxford objects to this Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, including "all" and "relating to."  Oxford further objects to this Request as vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome, and beyond the scope of permissible discovery to the extent it seeks documents without regard to the relevance to any claims or

defenses in this case. Oxford objects to this Request to the extent that it would impose a duty on Oxford to undertake a search for, or an evaluation of, or production of information, documents, or things for which Defendants are equally able to search for, evaluate, and obtain, including documents that are publicly available, in the possession of Plaintiffs, and/or are already in the possession of Defendants.

Subject to, and not waiving, its general and specific objections, Oxford will produce relevant, non-privileged documents proportional to the needs of this case that are responsive to this Request to the extent that they exist, are in the custody and control of Oxford, and are reasonably accessible.

**REQUEST NO. 15:**

All communications between UCSC, Plaintiff, and/or their representatives or agents on the one hand, and ONT and its representatives or agents on the other hand, relating to this Action.

**RESPONSE NO. 15:**

Oxford incorporates by reference each of its general objections above. Oxford objects to this Request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Oxford objects to this Request as not limited to a specific time period or a reasonable time frame relevant to this case. Oxford further objects to this Request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for Oxford. Oxford further objects to this Request as not described with reasonable particularity, in that it seeks "All communications." Oxford objects to this Request to the extent it uses unlimited, undefined, subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly burdensome, including "all" and "relating to."  Oxford further objects to this Request as overbroad, vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or not

1  proportional to the needs of this case. Oxford objects to this Request to the extent that it would

2  impose a duty on Oxford to undertake a search for, or an evaluation of, or production of

3  information, documents, or things for which Defendants are equally able to search for, evaluate,

4  and obtain, including documents that are publicly available, in the possession of Plaintiffs,

5  and/or are already in the possession of Defendants.

6      Subject to, and not waiving, its general and specific objections, Oxford will produce

7  relevant, non-privileged documents proportional to the needs of this case that are responsive to

8  this Request to the extent that they exist, are in the custody and control of Oxford, and are

9  reasonably accessible.

10

11  **REQUEST NO. 16:**

12      All communications between ONT or its representatives, employees, or agents on the one
hand, and Roger Chen and/or Genia or any of its representatives, employees, or agents on the

13  other hand, including without limitation any communications between or among Gordon
Sanghera, Pratima Rao, and Stefan Roever in 2012.

14  **RESPONSE NO. 16:**

15      Oxford incorporates by reference each of its general objections above. Oxford objects to

16  this Request to the extent it calls for information protected from discovery by the attorney-client

17  privilege, attorney work-product doctrine, common-interest privilege, or any other applicable

18  privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of

19  Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law. Oxford

20  objects to this Request as overbroad, irrelevant, not reasonably calculated to lead to the

21  discovery of admissible evidence, not proportional to the needs of this case, and beyond the

22  scope of permissible discovery. Oxford further objects to this Request because it does not

23  describe with particularity each item or category as required by Rule 34(b) of the Federal Rules

24  of Civil Procedure and would be unduly burdensome for Oxford. Oxford further objects to this

25  Request as it is not described with reasonable particularity, in that it seeks "All

26  communications." Oxford objects to this Request to the extent it uses unlimited, undefined,

27  subjective, or open-ended terms and phrases that are vague, ambiguous, overbroad, or unduly

28  burdensome, including "all" and "any."  Oxford further objects to this Request as overbroad,

1    DATED: October 17, 2017                **BAKER BOTTS LLP**

2                                           **By:** /s/    *Stuart C. Plunkett*
                                            Stuart C. Plunkett (SBN 187971)
3                                           stuart.plunkett@bakerbotts.com
                                            Ariel D. House (State Bar No. 280477)
4                                           ariel.house@bakerbotts.com
                                            BAKER BOTTS L.L.P.
5                                           101 California Street, Suite 3600
                                            San Francisco, California 94111
6                                           Telephone: (415) 291-6200
                                            Facsimile: (415) 291-6300
7

8                                           Paul R. Morico (*pro hac vice*)
                                            paul.morico@bakerbotts.com
9                                           Elizabeth D. Flannery (*pro hac vice*)
                                            liz.flannery@bakerbotts.com
10                                          BAKER BOTTS L.L.P.
                                            One Shell Plaza
11                                          901 Louisiana Street
                                            Houston, Texas 77002
12                                          Telephone: (713) 229-1234
                                            Facsimile: (713) 229-1522
13

14                                          *Counsel for Non Party*
                                            *Oxford Nanopore Technologies, Inc.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

On October 17, 2017, I served the following documents entitled:

**NON PARTY OXFORD NANOPORE TECHNOLOGIES INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA**

by serving true copies of the above-described documents in the following manner:

  X        BY ELECTRONIC MAIL:  The above-described documents were transmitted via electronic mail to the following parties on October 17, 2017:

| | |
|---|---|
| Robert J. Gunther, Jr.<br>Omar Khan<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>7 World Trade Center<br>New York, NY 10007<br>Telephone: 212-230-8800<br>robert.gunther@wilmerhale.com<br>omar.khan@wilmerhale.com | Sarah B Petty<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: 617-526-6755<br>sarah.petty@wilmerhale.com |
| Robert M. Galvin (State Bar No. 171508)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: 650-858-6000<br>robert.galvin@wilmerhale.com | Nora Q.E. Passamaneck (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80202<br>Telephone: 720-274-3135<br>nora.passamaneck@wilmerhale.com |

The parties on whom this electronic mail has been served has agreed in writing to such form of service pursuant to agreement.

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 17, 2017, at San Francisco, California.


*/s/ Elizabeth D. Flannery*
Elizabeth D. Flannery