# EXHIBIT P

Stuart C. Plunkett (SBN 187971)
stuart.plunkett@bakerbotts.com
Ariel D. House (State Bar No. 280477)
ariel.house@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Paul R. Morico (*pro hac vice*)
paul.morico@bakerbotts.com
Elizabeth D. Flannery (*pro hac vice*)
liz.flannery@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
901 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

*Counsel for Plaintiff*
*The Regents of the University of California*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROGER JINTEH ARRIGO CHEN, an individual; GENIA TECHNOLOGIES, INC., a Delaware corporation; and DOES 1-25,<br><br>Defendants. | Case No. 3:16-cv-07396-EMC<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' ROGER JINTEH ARRIGO CHEN AND GENIA TECHNOLOGIES, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

1    attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any

2    other applicable privilege or immunity.

3          Subject to, and not waiving, its general and specific objections, the University will

4    produce relevant, non-privileged documents proportional to the needs of this case that are

5    responsive to this request to the extent that they exist, are in the custody and control of the

6    University, and are reasonably accessible.

7    **REQUEST NO. 11:**

8          All agreements, including without limitation employment or consulting agreements
     containing or referring to any ownership of or obligations regarding intellectual property
9    between or among the University and any alleged the University Inventor and/or Roger Chen.

10   **RESPONSE NO. 11:**

11         The University incorporates by reference each of its general objections above. The

12   University objects to this request to the extent it calls for information protected from discovery

13   by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or

14   any other applicable privilege or immunity, or that is otherwise protected from disclosure under

15   the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or

16   case law. The University objects to this request as not limited to a specific time period or a

17   reasonable time frame relevant to this case. The University further objects to this request to the

18   extent it requests "All agreements" rather than documents sufficient to show the requested

19   information. The University objects to this request because it calls for information that may be

20   subject to third party confidentiality obligations or restrictions. The University further objects to

21   this request as overbroad, irrelevant, not reasonably calculated to lead to the discovery of

22   admissible evidence, not proportional to the needs of this case, and beyond the scope of

23   permissible discovery at least with regard to the term "agreements" and to the extent it seeks

24   documents without regard to the relevance to any claims or defenses in this case (for example, to

25   the extent that it seeks production of documents or things that do not relate to the subject matter

26   of the Active University Patent Applications, Genia Patents, and/or written materials from the

27   UCSC Laboratory identified in the Complaint).

28

1    The University will not search for or produce documents responsive to this request (that

2    are not produced in response to other requests) that do not relate to the subject matter of the

3    University Patent Applications, Genia Patents, and/or written materials from the UCSC

4    Laboratory identified in the Complaint, based at least on its objections that they are not relevant

5    to any claims or defenses in this case, not reasonably calculated to lead to the discovery of

6    admissible evidence, and/or not proportional to the needs of this case. The University also will

7    not produce documents responsive to this request that are protected from discovery by the

8    attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any

9    other applicable privilege or immunity.

10    Subject to, and not waiving, its general and specific objections, the University will

11    produce relevant, non-privileged documents proportional to the needs of this case that are

12    responsive to this request to the extent that they exist, are in the custody and control of the

13    University, and are reasonably accessible.

14    **REQUEST NO. 12:**

15    All policies or procedures relating to research and alleged inventions by the alleged the
16    UCSC Inventors and/or Roger Chen regarding nanopore technology, including without limitation
      the Patent Agreement, the University's Policy, and any assignments or agreements.

17    **RESPONSE NO. 12:**

18    The University incorporates by reference each of its general objections above. The

19    University objects to this request to the extent it calls for information protected from discovery

20    by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or

21    any other applicable privilege or immunity, or that is otherwise protected from disclosure under

22    the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or

23    case law. The University objects to this request as not limited to a specific time period or a

24    reasonable time frame relevant to this case. The University further objects to this request to the

25    extent it requests "All policies or procedures" rather than documents sufficient to show the

26    requested information. The University further objects to this request as overbroad, vague and

27    ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence,

28    overly burdensome, and beyond the scope of permissible discovery to the extent at least with

without regard to the relevance to any claims or defenses in this case. The University objects to this request to the extent that it would impose a duty on the University to undertake a search for, or an evaluation of, or production of information, documents, or things for which Defendants are equally able to search for, evaluate, and obtain, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of Defendants.

The University will not produce documents responsive to this request (that are not produced in response to other requests) that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

Subject to, and not waiving, its general and specific objections, the University will produce relevant, non-privileged documents proportional to the needs of this case that are responsive to this request to the extent that they exist, are in the custody and control of the University, and are reasonably accessible.

**REQUEST NO. 25:**

All documents referring or relating to the licensing, ownership, assignment, or offer to assign or license (whether past or present, in whole or in part) the alleged inventions described in the University Patent Applications or rights under the University Patent Applications or their foreign counterparts.

**RESPONSE NO. 25:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or case law. The University objects to this request as not limited to a specific time period or a reasonable time frame relevant to this case. The University further objects to this request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for the University. The University further objects to this request to the extent it requests "All documents" rather

than documents sufficient to show the requested information. The University objects to this request because it calls for information that may be subject to third party confidentiality obligations or restrictions. The University further objects to this request as overbroad, vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome, and beyond the scope of permissible discovery to the extent it seeks documents without regard to the relevance to any claims or defenses in this case (for example, to the extent that it seeks production of documents or things that only relate to the Inactive University Patent Applications, since those applications are not the subject of any claim or defense in this case). The University objects to this request to the extent that it would impose a duty on the University to undertake a search for, or an evaluation of, or production of information, documents, or things for which Defendants are equally able to search for, evaluate, and obtain, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of Defendants.

The University will not produce documents responsive to this request (that are not produced in response to other requests) that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 26:**

All documents referring or relating to any valuation of the alleged the University Inventions and/or University Patent Applications.

**RESPONSE NO. 26:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or case law. The University further objects to this request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil

Procedure and would be unduly burdensome for the University. The University further objects to this request to the extent it requests "All documents" rather than documents sufficient to show the requested information. The University further objects to this request as overbroad, vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome, and beyond the scope of permissible discovery at least with regard to the term "valuation" and to the extent it seeks documents without regard to the relevance to any claims or defenses in this case (for example, to the extent that it seeks production of documents or things that only relate to the Inactive University Patent Applications, since those applications are not the subject of any claim or defense in this case).

The University will not produce documents responsive to this request (that are not produced in response to other requests) that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 27:**

All communications between the University and third parties referring or relating to any royalties sought, paid, or received in connection with the alleged the University Inventions.

**RESPONSE NO. 27:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or case law. The University further objects to this request to the extent it requests "All communications" rather than documents sufficient to show the requested information. The University objects to this request as not limited to a specific time period or a reasonable time frame relevant to this case. The University further objects to this request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for the University. The University further

objects to this request to the extent it requests "All documents" rather than documents sufficient to show the requested information. The University objects to this request because it calls for information that may be subject to third party confidentiality obligations or restrictions. The University further objects to this request as overbroad, vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome, and beyond the scope of permissible discovery to the extent it seeks documents without regard to the relevance to any claims or defenses in this case (for example, to the extent that it seeks production of documents or things that only relate to the Inactive University Patent Applications, since those applications are not the subject of any claim or defense in this case).

The University will not produce documents responsive to this request (that are not produced in response to other requests) that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 28:**

All documents referring or relating to any royalties calculated and/or paid by the University to Roger Chen or any of the alleged the UCSC Inventors.

**RESPONSE NO. 28:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or case law. The University objects to this request as not limited to a specific time period or a reasonable time frame relevant to this case. The University further objects to this request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for the University. The University further objects to this request to the extent it requests "All documents" rather than documents sufficient to show the requested information. The University objects to this

request because it calls for information that may be subject to third party confidentiality obligations or restrictions. The University further objects to this request as overbroad, vague and ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly burdensome, and beyond the scope of permissible discovery to the extent it seeks documents without regard to the relevance to any claims or defenses in this case (for example, to the extent that it seeks production of documents or things that do not relate to the subject matter of the Active University Patent Applications, Genia Patents, and/or written materials from the UCSC Laboratory identified in the Complaint).

The University will not search for or produce documents responsive to this request (that are not produced in response to other requests) that do not relate to the subject matter of the University Patent Applications, Genia Patents, and/or written materials from the UCSC Laboratory identified in the Complaint, based at least on its objections that they are not relevant to any claims or defenses in this case, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of this case. The University also will not produce documents responsive to this request that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 29:**

All documents referring or relating to Oxford Nanopore, including without limitation its relationship with Plaintiff, any agreements between it and Plaintiff, and its involvement in this litigation.

**RESPONSE NO. 29:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or case law. The University objects to this request as not limited to a specific time period or a reasonable time frame relevant to this case. The University further objects to this request

relevance to any claims or defenses in this case (for example, to the extent that it seeks production of documents or things that do not relate to the subject matter of the Active University Patent Applications, Genia Patents, and/or written materials from the UCSC Laboratory identified in the Complaint). The University objects to this request to the extent that it would impose a duty on the University to undertake a search for, or an evaluation of, or production of information, documents, or things for which Defendants are equally able to search for, evaluate, and obtain, including documents that are publicly available, in the possession of third parties, and/or are already in the possession of Defendants.

The University will not search for or produce documents responsive to this request (that are not produced in response to other requests) that do not relate to the subject matter of the University Patent Applications, Genia Patents, and/or written materials from the UCSC Laboratory identified in the Complaint, based at least on its objections that they are publicly available or in the possession of Defendants, not relevant to any claims or defenses in this case, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of this case. The University also will not produce documents responsive to this request that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 43:**

All documents, including without limitation communications, between the alleged the UCSC Inventors and third parties, including without limitation Oxford Nanopore, Life Technologies, and Affymetrix, regarding nanopore technology.

**RESPONSE NO. 43:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or case law. The University further objects to this request because it does not describe with

particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for the University. The University further objects to this request to the extent it requests "All documents" rather than documents sufficient to show the requested information. The University objects to this request because it calls for information that may be subject to third party confidentiality obligations or restrictions. The University further objects to this request as overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of this case, and beyond the scope of permissible discovery to the extent that such documents are not relevant to any claims or defenses in this case, including documents regarding third party not relevant to this case (for example, to the extent that it seeks production of documents or things that do not relate to the subject matter of the Active University Patent Applications, Genia Patents, and/or written materials from the UCSC Laboratory identified in the Complaint).

The University will not search for or produce documents responsive to this request (that are not produced in response to other requests) that do not relate to the subject matter of the University Patent Applications, Genia Patents, and/or written materials from the UCSC Laboratory identified in the Complaint, based at least on its objections that they are not relevant to any claims or defenses in this case, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of this case. The University also will not produce documents responsive to this request that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

**REQUEST NO. 44:**

All documents relating to any actions taken by the University from January 1, 2007 through December 29, 2014 to protect its alleged rights in the alleged the University Inventions, including without limitation all related factual investigations.

**RESPONSE NO. 44:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or

1    responsive to this request to the extent that they exist, are in the custody and control of the

2    University, and are reasonably accessible at an appropriate time in the litigation.

3    **REQUEST NO. 53:**

4        All documents produced or provided formally or informally by third parties to the
     University relating to any claim or defense in the above-captioned action.

5

6    **RESPONSE NO. 53:**

7        The University incorporates by reference each of its general objections above. The

8    University objects to this request to the extent it calls for information protected from discovery

9    by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or

10   any other applicable privilege or immunity, or that is otherwise protected from disclosure under

11   the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or

12   case law. The University further objects to this request because it does not describe with

13   particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil

14   Procedure and would be unduly burdensome for the University. The University further objects

15   to this request to the extent it requests "All documents" rather than documents sufficient to show

16   the requested information. The University objects to this request because it calls for information

17   that may be subject to third party confidentiality obligations or restrictions. The University

18   further objects to this request as vague and ambiguous, irrelevant, not reasonably calculated to

19   lead to the discovery of admissible evidence, overly burdensome, and beyond the scope of

20   permissible discovery to the extent it seeks documents without regard to the relevance to any

21   claims or defenses in this case.

22       The University will not produce documents responsive to this request (that are not

23   produced in response to other requests) that are protected from discovery by the attorney-client

24   privilege, attorney work-product doctrine, common-interest privilege, or any other applicable

25   privilege or immunity.

26       Subject to, and not waiving, its general and specific objections, the University will

27   produce relevant, non-privileged documents proportional to the needs of this case that are

28   responsive to this request to the extent that they exist, are in the custody and control of the

University, and are reasonably accessible.

**REQUEST NO. 54:**

To the extent not produced in response to any of the preceding requests, all documents identified in or referred to in the preparation of responses to the Interrogatories.

**RESPONSE NO. 54:**

The University incorporates by reference each of its general objections above. The University objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, The Federal Rules of Evidence, or the relevant statutory or case law. The University further objects to this request because it does not describe with particularity each item or category as required by Rule 34(b) of the Federal Rules of Civil Procedure and would be unduly burdensome for the University. The University further objects to this request to the extent it requests "All documents" rather than documents sufficient to show the requested information.

The University will not produce documents responsive to this request (that are not produced in response to other requests) that are protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity.

Subject to, and not waiving, its general and specific objections, the University will produce relevant, non-privileged documents proportional to the needs of this case that are responsive to this request to the extent that they exist, are in the custody and control of the University, and are reasonably accessible.

**REQUEST NO. 55:**

All documents not produced in response to another document request, upon which the University intends to rely at any trial or hearing or deposition in the above-captioned action.

1   DATED: April 14, 2017                    **BAKER BOTTS LLP**

2                                            **By:** /s/    *Stuart C. Plunkett*
                                             Stuart C. Plunkett (SBN 187971)
3                                            stuart.plunkett@bakerbotts.com
                                             Ariel D. House (State Bar No. 280477)
4                                            ariel.house@bakerbotts.com
                                             BAKER BOTTS L.L.P.
5                                            101 California Street, Suite 3600
                                             San Francisco, California 94111
6                                            Telephone: (415) 291-6200
                                             Facsimile: (415) 291-6300
7

8                                            Paul R. Morico (*pro hac vice*)
                                             paul.morico@bakerbotts.com
9                                            Elizabeth D. Flannery (*pro hac vice*)
                                             liz.flannery@bakerbotts.com
10                                           BAKER BOTTS L.L.P.
                                             One Shell Plaza
11                                           901 Louisiana Street
                                             Houston, Texas 77002
12                                           Telephone: (713) 229-1234
                                             Facsimile: (713) 229-1522
13

14                                           *Counsel for Plaintiff*
                                             *The Regents of the University of California*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST REQUESTS FOR                70          CASE NO. 3:16-CV-07396-EMC
PRODUCTION OF DOCUMENTS AND THINGS**

## **CERTIFICATE OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Baker Botts L.L.P., 101 California Street, Suite 3600, San Francisco, CA 94111.

On May 15, 2017, I served the following documents entitled:

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' ROGER JINTEH ARRIGO CHEN AND GENIA TECHNOLOGIES, INC. FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

by serving true copies of the above-described documents in the following manner:

  X        BY ELECTRONIC MAIL:  The above-described documents were transmitted via electronic mail to the following parties on April 14, 2017:

| | |
|---|---|
| Robert J. Gunther, Jr. | Sarah B Petty |
| Omar Khan | WILMER CUTLER PICKERING HALE |
| WILMER CUTLER PICKERING HALE | AND DORR LLP |
| AND DORR LLP | 60 State Street |
| 7 World Trade Center | Boston, MA 02109 |
| New York, NY 10007 | Telephone: 617-526-6755 |
| Telephone: 212-230-8800 | sarah.petty@wilmerhale.com |
| robert.gunther@wilmerhale.com | |
| omar.khan@wilmerhale.com | |
| | |
| Robert M. Galvin (State Bar No. 171508) | Nora Q.E. Passamaneck (*pro hac vice*) |
| WILMER CUTLER PICKERING HALE | WILMER CUTLER PICKERING HALE |
| AND DORR LLP | AND DORR LLP |
| 950 Page Mill Road | 1225 17th Street, Suite 2600 |
| Palo Alto, CA 94304 | Denver, CO 80202 |
| Telephone: 650-858-6000 | Telephone: 720-274-3135 |
| robert.galvin@wilmerhale.com | nora.passamaneck@wilmerhale.com |

The parties on whom this electronic mail has been served has agreed in writing to such form of service pursuant to agreement.

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 15, 2017, at San Francisco, California.


  */s/ Stephanie DM Pearson*
  Stephanie DM Pearson

PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS

CASE NO. 3:16-CV-07396-EMC