UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Plaintiff,

v.

ROGER JINTEH ARRIGO CHEN, et al.,

Defendants.

Case No. 16-cv-07396-EMC

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

Docket No. 86

Defendants request to seal certain portions of their motion to join third-party Oxford Nanopore Technologies, Inc. ("Oxford") and attached exhibits because Plaintiff Regents of the University of California ("UC") has designated the documents "confidential" or "attorneys' eyes only" under the stipulated protective order in the case. Consistent with Rule 79-5, Plaintiff filed a declaration (albeit 1 day late) to support its designation. Plaintiff's declaration fails to justify sealing of nearly all of the submitted material, except for narrow portions revealing specific royalty rates or pricing data and e-mails reflecting confidential business strategies. Defendants' motion is thus **GRANTED IN PART** and **DENIED IN PART**.

## I.      <u>LEGAL STANDARD</u>

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Courts therefore begin "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 135 (9th Cir. 2003). This presumption "promot[es] the public's understanding of the judicial process and of significant public events," *Valley Broad Co. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986), and ensures "a measure of accountability and for the public to have confidence in the

administration of justice." *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995). A party seeking to seal judicial records therefore bears the burden of demonstrating that the request overcomes the strong public presumption of public access. The party's burden "will turn on whether the motion is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If so, then sealing must be supported by "compelling reasons;" if not, then sealing need only be supported by "good cause." *Id.* at 1101-1102.

Under the more stringent compelling reasons standard, "the party must articulate compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.," and "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations, quotations, and alterations omitted). Compelling reasons may exist when sealing prevents judicial documents from being used "as sources of business information that might harm a litigant's competitive standing," such as "the pricing terms, royalty rates, and guaranteed minimum payment terms" of a licensing agreement. *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quotation omitted)

In contrast, because "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials," the less stringent "good cause" standard merely requires a "particularized showing" sufficient "to warrant preserving the secrecy of sealed discovery material[.]" *Kamakana*, 447 F.3d at 1179-80 (citations and quotations omitted). Nevertheless, even under the good cause standard, a request for sealing "must be narrowly tailored to seek sealing only of sealable material." Local Civ. R. 79-5(b).

## II. <u>DISCUSSION</u>

Neither party made any attempt to identify whether the "good cause" or "compelling reasons" standard applies to a Rule 19 motion for joinder and the Court is unaware of binding precedent. The principles animating *Center for Auto Safety* suggest that the "compelling reasons" standard should apply to the motion at hand. This case involves an ownership dispute over certain

patented (or patent pending) technologies.  In particular, Plaintiff UC alleges that Defendant Chen invented the disputed technologies while a graduate student researcher at UC and therefore that UC is the rightful owner pursuant to a contractual agreement with Chen.  Defendants seek to join Oxford as a party based on its purported financial interest in Plaintiff UC's legal claims and its independent claim of ownership over the same patented technologies at issue in this case.  Thus, the Rule 19 motion involves issues close to the merits because it relates to the question who owns, claims to own, or has a legal or financial interest in the disputed patents.

Nevertheless, Plaintiff's request to seal does not even pass the more lenient "good cause" standard.  First, Plaintiff's sealing request is not "narrowly tailored," Local Civ. R. 79-5(b), but rather sweeps *all* terms of Oxford's exclusive licensing agreement with UC with respect to the disputed patents at bar, including the agreement's very existence.  Plaintiff's sole justification is that the agreement, in addition to excerpts of Defendants' brief paraphrasing or quoting it, includes "sensitive information pertaining to terms, patents, and technology related to confidential license agreements" whose disclosure "*may* cause competitive harm . . . by revealing . . . confidential business, negotiation, and licensing strategies."  Plunkett Decl. ¶ 5 (emphasis added).  Such vague speculation does not meet the good cause standard.  *See Foltz*, 331 F.3d at 1131 (good cause standard requires a "particular showing" that "*specific* prejudice or harm" will result from disclosure (emphasis in original)).  Plaintiff does not explain how disclosure of the mere existence of the licensing agreement can cause competitive harm.

Plaintiff is correct that good cause may exist to seal certain aspects of the licensing agreement, such as the pricing terms, royalty rates, or specific payment terms.  *See In re Electronic Arts*, 298 Fed. App'x at 569-70.  But Plaintiff has not explained why all other provisions must also remain under seal to protect it from competitive harm.  *Compare Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (recognizing competitive harm could result from disclosure of product-specific "profit, cost, and margin data" because it could "give . . . suppliers an advantage in contract negotiations, which they could use to extract price increases for components").  That includes the provisions granting Oxford the irrevocable option to request assignment of any of UC's claims relating to improper ownership assertions of

the patents at issue, to prosecute actions for infringement on behalf of UC, as well as contract terms related to litigation funding.

With the exception of specific pricing, payment, and royalty terms that could cause competitive harm, the Court **DENIES** Defendants' motion to seal its brief in support of joining Oxford as a party, and Exhibits A, B, C, and M to said motion. Plaintiff has withdrawn its designation to seal Exhibit N so the Court **DENIES** the sealing motion in that regard. The Court **GRANTS** the request to seal Exhibits Q and R, e-mails that reflect business and negotiation strategies, disclosure of which Plaintiff asserts will cause competitive harm.

Defendants shall file the requisite revised documents consistent with Local Rule 79-5(f). This order disposes of Docket No. 86.

**IT IS SO ORDERED**.

Dated: April 27, 2018

_____
EDWARD M. CHEN
United States District Judge